NOT FOR PUBLICATION                                                    (Docket Nos. 12, 17 & 54)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
MEI, INC.,                              :
                                        :
            Plaintiff,              :   Civil No. 09-351 (RBK/JS)
                                        :
            v.                      :   **OPINION**
                                        :
JCM AMERICAN CORP. and                  :
JAPAN CASH MACHINE CO., LTD.,           :
                                        :
            Defendants.             :
_____     :

      This matter arises out of alleged patent infringement by Defendants JCM American Corp. and Japan Cash Machine Co., Ltd. (collectively "JCM") of a patent owned by MEI, Inc. This matter was previously before the Court in Mars, Inc. v. JCM American Corp., Japan Cash Machine Co., Ltd., Civ. No. 05-3165, which was dismissed on December 23, 2008. Civ. No. 05-3165, Docket No. 171. The previous litigation included a Markman hearing and Order. Civ. No. 05-3165, Docket Nos. 136, 137. Both parties have filed notice of appeal to the Federal Circuit Court of Appeals in Civ. No. 05-3165, including an appeal by MEI of the Court's Markman Order. Civ. No. 05-3165, Docket Nos. 223, 225.

      Presently before the Court in Civ. No. 09-351 is JCM's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to raise a compulsory counterclaim in the previous action, or in the alternative, Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d) and Federal Rule of Civil Procedure 56 for non-infringement. Civ. No. 09-351,

Docket No. 12. Also pending is JCM's Motion for Sanctions under Federal Rule of Civil Procedure 11 and JCM's Motion to Strike the Declaration of MEI's expert, Algert Maldanis. Docket Nos. 17, 54.

Because JCM did not make a claim against MEI in the previous action and because MEI was expressly precluded from raising its own claims in the prior suit, JCM's Motion to Dismiss is DENIED. Further, because the Court will exercise its discretionary power to manage its docket and in the interests of judicial economy, a decision on the Motion for Summary Judgment is STAYED pending 1) the lapse of one year and the application by the Plaintiff or the Defendants to reinstate the case to the active docket, or 2) pending disposition of MEI's appeal of the Markman Order in Civ. No. 05-3165 to the Federal Circuit Court of Appeals and application by the Plaintiff or the Defendants to reinstate the case to the active docket, whichever condition occurs sooner. Finally, because briefing on the Motion for Sanctions is incomplete pending the Court's resolution of the Motion for Summary Judgment and because the Motion to Strike is relevant only to the Motion for Summary Judgment, decisions on those motions are likewise STAYED. Further, the Clerk of the Court will administratively terminate this case until either of the conditions terminating the stay are satisfied.

I. BACKGROUND

The Court has previously addressed the relevant facts in this matter at length, see Mars, Inc. v. JCM American Corp., Civ. No. 05-3165, 2009 WL 2356834, at *1-3 (D.N.J. July 30, 2009), thus the following is an abridged version of the relevant events.

On June 17, 2005, Mars, Inc. filed a complaint against JCM alleging infringement of U.S. Patent Nos. 5,577,589 ("the '589 Patent") and 6,712,352 ("the '352 patent") by JCM's Universal

Bill Acceptor ("UBA"). Civ. No. 05-3165. These patents "cover portions of document handlers such as bill validators which may be used in vending machines, gaming machines and other devices requiring validation of paper currency." Compl. at ¶ 1. In the original complaint, Mars stated that it owned both patents and that Mars Electronics International, Inc. ("MEI") had a license to manufacture and sell devices covered by the patents. During the course of litigation, the parties agreed to a stay of the litigation with respect to the '352 patent.

On December 22, 2006, Mars filed a motion pursuant to Federal Rule of Civil Procedure 25(c) to substitute MEI for itself as Plaintiff in Civ. No. 05-3165. Mars reiterated that at the time the suit was filed, it was the record owner of the patents-in-suit and MEI was a subsidiary of Mars licensed to manufacture and sell the bill validators covered by the patents-in-suit. Mars stated that during the pendency of Civ. No. 05-3165, it sold substantially all of the assets of MEI and assigned to MEI the entire right, title, and interest in and to the patents-in-suit. Defendants opposed Mars' Rule 25(c) motion, arguing in part that Mars did not provide adequate proof of the terms of the sale to MEI. Because the evidence presented by the parties did not clearly show whether Mars, MEI or a third party owned the patents, the Court joined MEI as a party plaintiff rather than substituting MEI for Mars.

On March 7, 2008, the Court held a Markman hearing to construe the claims of the '589 patent. The Court then filed a Markman Opinion and Order on March 17, 2008. Civ. No. 05-3165, Docket Nos. 136, 137. The Court later filed an Amended Opinion on July 2, 2008. Civ. No. 05-3165, Docket No. 146.

Thereafter, Defendants moved to dismiss the case on November 7, 2008 based on Mars' lack of standing to sue. On December 23, 2008, the Court granted Defendants' motion in part,

dismissing the case without prejudice based on Mars' lack of standing. The Court also held that "should MEI choose to file a new complaint, the discovery that has already taken place shall carry over to the new action." Civ. No. 05-3165, Docket No. 170, at 8.

MEI filed a new complaint on January 23, 2009, alleging that JCM American Corp. and Japan Cash Machine Co., Ltd. have been and are still infringing the '589 patent. Civ. No. 09-351. JCM filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment on April 4, 2009. Docket No. 12. JCM filed a Motion for Sanctions on April 6, 2009 claiming MEI had no basis to claim that JCM's products infringe the '589 patent. Docket No. 17. After MEI responded to JCM's first motion, on June 15, 2009, JCM filed a Motion to Strike the declaration of MEI's expert. Docket No. 54.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

Alternatively, summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

Under Federal Rule of Civil Procedure 12(d), the court can convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment under Rule 56 if matters outside the pleadings are considered by the court.

## III. DISCUSSION

### A. Motion to Dismiss

JCM moves to dismiss the current suit under Rule 12(b)(6). JCM alleges under Federal Rule of Civil Procedure 13 that because JCM filed a counterclaim against Mars in the prior suit

5

asserting non-infringement, MEI–as a participant in the suit and owner of the patent–was required to file a compulsory counterclaim asserting infringement. Def. br. at 4. JCM alleges that MEI's failure to do so means that MEI waived its claim under Rule 13 and therefore it cannot state an infringement claim now. Def. br. at 11. MEI argues that it did not waive a compulsory counterclaim because it was never served with a claim in the prior suit, and also argues that it could not have raised any claims in the prior suit because it was prohibited by Rule 25(c) from doing so. Pl. br. at 3, 5. The Court agrees with MEI and finds that it never waived a compulsory counterclaim.

Rule 13 provides: "A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim [] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Fed. R. Civ. P. 13(a)(1)(A). A claim is compulsory if it "'bears a logical relationship to an opposing party's claim.'" Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 389 (3d Cir. 2002) (quoting Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978)). In this case, Rule 13 at least somewhat competes with Rule 25. Under Rule 25, which governs the substitution of parties, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Under Rule 25, "[t]he transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue. The merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties." Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir.

1985).

Under these rules, JCM's attempt to dismiss is clearly misguided. Under Rule 13, a compulsory counterclaim only arises after the opposing party actually states a claim against the counterclaimant. Here, JCM *never* filed any claim against MEI. MEI was joined under Rule 25 after the original Complaint and Answer were filed by Mars and JCM respectively. However, after MEI was joined and after Mars and MEI filed the First Amended Complaint, JCM only stated the following in its Answer to the First Amended Complaint:

> Defendants and Counterclaimants [JCM] have asserted Counterclaims against Mars, Incorporated ('Mars') in the Answer and Counterclaims submitted in response to the original Complaint in this action, and those counterclaims remain pending notwithstanding the filing of the [First Amended Complaint]. MARS has responded to JCM's Counterclaims and further pleadings on those counterclaims are not required at this time, although to the extent necessary those Counterclaims are incorporated by reference herein.

Def. br. Ex. 7, at 9. This Counterclaim, to the extent it was one, was not a claim against MEI–it was only against Mars. Thus, MEI had no obligation under Rule 13 to counterclaim against JCM since it was never claimed against.

Moreover, even if MEI wanted to make a counterclaim, it was prohibited from doing so under Rule 25. A party joined under Rule 25 cannot assert its own substantive rights, only those of the original party. Minnesota Mining, 757 F.2d at 1263. Because MEI was a party joined under Rule 25, it only had the ability to pursue Mars' substantive claims–not its own. Indeed, this Court in dismissing the prior suit noted "MEI could assert only those claims that Mars could assert when it filed this action." Civ. No. 05-316, Docket No. 170, at 6-7. The import of Rule 25's limitation is that MEI could not have asserted a substantive counterclaim for infringement on its own behalf. Thus, even if JCM had actually counterclaimed against MEI–which it did

7

not–MEI was prohibited from filing a substantive counterclaim.

Therefore, MEI did not waive a compulsory counterclaim under Rule 13 and JCM's Motion to Dismiss is denied.

### B. Motion for Summary Judgment

In the alternative to its Rule 12 motion, JCM moves for summary judgment. JCM argues that on the basis of the Markman Order entered in the prior suit, the UBA does not literally infringe or under the doctrine of equivalents infringe MEI's patent. Def. br. at 26-34.[1] MEI, unsurprisingly, counters that the UBA does both literally and under the doctrine of equivalents infringe its patent. Pl. br. at 10, 22. MEI also invites the Court to revisit the Markman Order and to re-construe the terms of the '589 patent. Pl. br. at 27. The Court, however, finds that summary judgment is not appropriate at this time and that a stay of further proceedings is warranted.

Federal courts have inherent power to control their dockets by staying proceedings. Landis v. North American Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis); Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing Landis); Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (citing Clinton). A stay is particularly appropriate, and within the court's "sound discretion," where the outcome of another case may "substantially affect" or "be dispositive of the issues" in a case pending before a district court. Bechtel Corp., 544 F.2d at 1215; see also Rodgers v. United States Steel Corp., 508 F.2d 152, 162 (3d Cir.

---

[1] As a point of order, the Court notes that JCM's 35 page brief violates Local Civil Rule 7.2(d), which states that a 12 point font brief cannot exceed 30 pages.

1975) ("The district court had inherent discretionary authority to stay proceedings pending litigation in another court."). This is especially true where the other case is proceeding in another federal court. See Miccosukee Tribe of Indians of Florida v. South Florida Water Mgmt. Dist., 559 F.3d 1191, 1196 (11th Cir. 2009) (holding appeals court lacked jurisdiction to hear appeal from stay where district court, sua sponte, stayed proceedings pending an appeal in another related federal case); see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .' As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations removed)); see generally Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952) (affirming Third Circuit decision upholding stay in District of Delaware patent infringement case where stay was granted pending outcome of related case in Northern District of Illinois).

      The Supreme Court in Landis admonished that a discretionary stay, while appropriate, must be "kept within the bounds of moderation." 299 U.S. at 256. At least one court has interpreted this "moderation" limitation to require that the district court limit the scope of the stay (including potential duration) and to require that the district court articulate sufficient reasons for the stay. See Ortega Truillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1265 (11th Cir. 2000). Such reasons may include "the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources." See Miccosukee Tribe of Indians v. South Florida Water Mgmt. Dist., Civ. No. 98-

06056, slip op. at 6 (S.D. Fl. Mar. 28, 2007), appeal denied, 559 F.3d 1191 (11th Cir. 2009) (finding no jurisdiction to hear appeal but noting that district court's sua sponte stay was for an "excellent" reason where stay entered pending appeal in related federal case).

In this case, while the parties understandably disagree about whether summary judgment is appropriate, they both do agree that summary judgment can only be granted or denied by applying the Court's Markman Order. However, as noted at the outset, MEI has appealed this Court's Markman Order in the prior suit to the Federal Circuit Court of Appeals. Civ. No. 05-3165, Docket No. 225 ("Plaintiffs also appeal . . . the Court's Construction of one or more terms appearing in the Court's March 17, 2008 Opinion (Doc. 136), the Court's July 2, 2008 Amended Opinion (Doc. 146) and the Court's corresponding Order dated March 17, 2008 (Doc. 137).").

This pending appeal presents a problem for the Court that neither MEI nor JCM addressed: Were the Federal Circuit to revisit and re-construe this Court's prior construction of the '589 patent, any summary judgment proceedings on the basis of the former construction would be a nullity. For the Court to now expend the effort to wade through the parties' voluminous submissions and to reach a decision that may ultimately be set aside is a waste of precious resources–both for the Court and for the litigants. For this reason, the Court finds that a stay is appropriate and will suspend further consideration of Civ No. 09-351.

However, to ensure that the stay is appropriate in scope, 1) the stay will terminate after one year from the date of the accompanying Order and upon an application to reinstate the case to the active docket by either the Plaintiff or the Defendants, or 2) the stay will terminate upon the Federal Circuit's decision and upon an application to reinstate the case to the active docket by either the Plaintiff or the Defendants, whichever condition occurs sooner.

Therefore, a decision on JCM's Motion for Summary Judgment is stayed. Further, the Court will direct the Clerk of the Court to administratively terminate this case without prejudice.

### C. Motion to Strike and Motion for Sanctions

JCM also filed in this case a Motion to Strike the Declaration of MEI's expert, Algert Maldanis and a Motion for Sanctions. The Motion to Strike is directly related to the Motion for Summary Judgment and is therefore also stayed until either of the above conditions is satisfied. The Motion for Sanctions, while not directly related to the Motion for Summary Judgment, is also stayed because the parties agreed to withhold complete briefing on the Motion pending this Court's disposition of the Summary Judgment Motion. Docket No. 29.

Therefore, decisions on the Motion to Strike and the Motion for Sanctions are also stayed.

### IV. CONCLUSION

For the foregoing reasons, Defendants JCM American Corp. and Japan Cash Machine Co., Ltd.'s Motion to Dismiss is **DENIED**. Defendants' Motion for Summary Judgment, Motion to Strike, and Motion for Sanctions are **STAYED** pending 1) the lapse of one year and the application by the Plaintiff or the Defendants to reinstate the case to the active docket, or 2) disposition of MEI's appeal of the Markman Order in Civ. No. 05-3165 by the Federal Circuit Court of Appeals and application by the Plaintiff or the Defendants to reinstate the case to the active docket, whichever condition occurs sooner. Further, the Court will direct the Clerk of the Court to **ADMINISTRATIVELY TERMINATE WITHOUT PREJUDICE** Docket No. 09-351 until either of the conditions terminating the stay are satisfied.

Dated: 10-15-2009                                        /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge