NOT FOR PUBLICATION                                                                  (Document No. 71)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| MEI, INC., | : | |
| | : | |
| Plaintiff, | : | Civil No. 09-0351 (RBK/JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JCM AMERICAN CORP. and JAPAN CASH MACHINE CO. LTD., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Rolling along as smoothly as a rubber ball down a gravelly hill, this litigation once again jumps before the Court for additional attention, this time on a pebble of doubt about standing. Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) by Defendants JCM American Corp. and Japan Cash Machine Co. Ltd. (collectively "JCM") (Doc. No. 71).[1] For the reasons discussed below, the Court denies the Motion.

---

[1] At the time of the pending Motion, this civil action was in a stay. See Doc. No. 69. The Motion asked the Court to re-open the case under Rule 60(b)(4) to find the previous order staying the matter void for lack of subject matter jurisdiction. See JCM br. at 3-4. Since this matter has now been restored to the active docket, see Doc. No. 112, and since JCM has not withdrawn the Motion, the Court will examine it exclusively under the rubric of Rule 12(b)(1). The portion of the pending Motion asking the Court to re-open the matter is dismissed as moot.

1

**I.     BACKGROUND**

As this dispute has been before the Court a number of times already, see, e.g., MEI, Inc. v. JCM American Corp. No. 09-0351, 2009 WL 3335866, at *1 (D.N.J. Oct. 15, 2009), the Court will limit the factual history to those facts relevant to the disposition of the pending Motion.

In June 2005, Mars Incorporated filed suit against JCM alleging, among other things, infringement of U.S. Patent No. 5,577,589 (the "'589 Patent"). Through a number of procedural steps, the '589 Patent became the subject matter of the present suit between Mars subsidiary MEI, Inc and Defendants JCM. The original and to-date only named inventor on the '589 Patent was Jaime G. Garcia Tinoco. Seemingly sometime in 1994, Tinoco assigned his entire interest in the '589 Patent to Mars. All rights in the '589 patent were transferred from Mars to MEI in 1996.

During the previous iteration of the present dispute, JCM asked this Court to find the '589 Patent unenforceable due to inequitable conduct by Tinoco. See Mars, Inc. v. JCM American Corp., No. 05-3165, 2008 WL 2684118, at *18-20 (D.N.J. July 2, 2008), aff'd, No. 2009-1555, 2010 WL 1784719 (Fed. Cir. May 5, 2010). Deposition testimony of Tinoco revealed that he did not draw certain figures contained in the '589 Patent. See id. at *19. However, Tinoco did not reveal this information during the prosecution of the patent application (nor did he fully review the application before signing it). On that basis, this Court held as follows: "Tinoco's testimony that some of the designs in the '589 Patent are not of his creation and that he did not review the application for the '589 Patent prior to signing it constitute misrepresentations." Id. But this Court also held that neither Tinoco nor his attorneys made the misrepresentations with the intention of misleading or deceiving the patent examiner, and thus

JCM's motion was denied. Id. at *20.

Despite the seemingly banality of the above quoted language, JCM contends that it is an irreparable breach in the hull of MEI's litigation ship, which dooms this matter to dismissal. In response, it filed the present Motion on November 18, 2009, insisting that this Court has definitively found that some other phantom inventor exists for the '589 Patent, therefore MEI lacks standing to bring this suit and subject matter jurisdiction is consequently lacking. MEI timely responded, and the Motion – like the half-dozen others that have gone before it in the five year history of this dispute – is now ripe for review.

## II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a facial attack, all allegations in the complaint are considered true; whereas in the second type of attack, the court does not presume the truth of the allegations and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. In such a case, "the court can consider affidavits attached to the moving papers or even require such affidavits to be submitted." New Hope Books, Inc. v. Farmer, 82 F. Supp. 2d 321, 324 (D.N.J. Jan. 13, 2000) (citing Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1281 n.4 (3d Cir. 1993)). Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction. Mortensen, 549 F.2d at 891. If a court lacks subject matter

3

jurisdiction, it must dismiss the case without prejudice.  In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

**III.    DISCUSSION**

JCM's challenge is to MEI's standing to bring this suit.  The question of standing is a jurisdictional inquiry.  Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551 (Fed. Cir. 1995). Standing to sue in a patent infringement case derives from the Patent Act, which provides: "A patentee shall have remedy by civil action for infringement of his patent."  35 U.S.C. § 281; Israel Bio-Eng'g Project v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007).  A "patentee" includes both the patentee to whom the patent was issued and also "successors in title to the patentee."  35 U.S.C. § 100(d).  Standing in patent infringement suits requires that all owners of the patent must join as parties to the litigation.  Uni. v. of Pittsburgh v. Varian Med. Sys., Inc., 569 F.3d 1328, 1331 (Fed. Cir. 2009) (citing Israel, 475 F.3d at 1264-65).

The Federal Circuit has held that it is a "bedrock tenet of patent law that 'an invention presumptively belongs to its creator.'"  Israel, 475 F.3d at 1263 (quoting Teets v. Chromalloy Gas Turbine Corp., 83 F.3d 403, 403 (Fed. Cir. 1996)).  In other words, it is a presumption that "the inventor owns his invention."  Id.  In fact, issuance of patent creates the further presumption that "the named inventors are the true and only inventors."  Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1460 (Fed. Cir. 1998).  An issued patent is also presumptively valid.  35 U.S.C. § 282.

Perhaps the initial question for the Court is how the burdens appropriately are apportioned in this case.  JCM maintains throughout its papers that the burden should be on MEI to prove that no other inventor exists.  See, e.g., JCM br. at 10.  Seemingly, MEI asks the Court

to compel JCM to prove a negative – that no other inventor owns the '589 Patent.  This the Court will not do.  While indisputably MEI has the burden to prove standing and jurisdiction, see Whitmore v. Arkansas, 495 U.S. 149, 154 (1990), MEI has implicitly raised the issue that JCM's challenge is in fact a validity challenge under 35 U.S.C. § 102(f), which provides:  "A person shall be entitled to a patent unless . . . . he did not himself invent the subject matter sought to be patented[.]"  In a validity challenge, the *defendant* bears the burden of proving by clear and convincing evidence that the patent is invalid.  N. Am. Vaccine, Inc. v. Am. Cyanamid Co., 7 F.3d 1571, 1579 (Fed. Cir. 1993).  This includes, for example, where the defendant asserts that the listed inventor is not in fact the "true inventor."  See Solomon v. Kimberly-Clark Corp., 216 F.3d 1372, 1380-82 (Fed. Cir. 2000); Alza Corp. v. Mylan Labs., Inc., 388 F. Supp. 2d 717, 732 (N.D. W. Va. 2005).  The Court can thus reconcile the burdens in this way: MEI must first prove that Tinoco and now MEI are the patentee under the '589 Patent.  If MEI meets that burden, then the burden is on JCM to show by clear and convincing evidence that another owner of the '589 Patent exists.

      Under these standards, the Court finds that MEI has standing.  The evidence before the Court reveals that Tinoco was the original patentee and that his interest was duly transferred to Mars and then to MEI.  See Wodarski decl., Exs. A, C at 1-2, 8.  None of these facts are in dispute.  See JCM br. at 2.  Thus, MEI has met its jurisdictional burden.

      Turning to JCM's validity challenge, no clear and convincing evidence exists that someone other than (or in addition to) MEI is the owner of the patent.  JCM hangs its entire Motion on this Court's statement in an unrelated context.  See JCM br. at 2 ("Based on the Court's conclusions, there are other, unnamed co-inventors of the subject matter of the '589

5

Patent."). But what JCM fails to appreciate is that at no point did this Court ever say that Tinoco was not the sole inventor. In fact, the Court's prior statement was based on Tinoco's deposition testimony that showed that he did not produce some of the drawings in his patent application. See Mars, 2008 WL 2684118, at *19. Tinoco's deposition testimony is far from clear and convincing evidence that he did not invent and subsequently own the '589 Patent. In fact, a full reading of his deposition (and subsequent affidavit) reveals that he was the sole inventor. See Wodarski decl., Ex. E at 86:3-8; JCM sur-reply, Tinoco decl. at ¶ 20. Some stray comments in Tinoco's deposition and an unrelated statement from this Court are not enough to show another owner exists. Cf. Solomon, 216 F.3d at 1381. Therefore, JCM has not met its burden and its Motion to Dismiss must be denied.

IV.   **CONCLUSION**

For the foregoing reasons, JCM's Motion to Dismiss is **DENIED**. An appropriate Order shall follow.


Date:   6-9-10                                                            /s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge