NOT FOR PUBLICATION                                              (Document Nos. 93, 99, 104)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____    :
                                     :
MEI, INC.,                           :
                                     :
            Plaintiff,               :   Civil No. 09-351 (RBK/JS)
                                     :
        v.                           :   **OPINION**
                                     :
JCM AMERICAN CORP. and JAPAN         :
CASH MACHINE CO., LTD.,              :
                                     :
            Defendants.              :
_____    :

**KUGLER**, United States District Judge:

Presently before the Court are unopposed motions by Defendants JCM American Corp. and Japan Cash Machine Co., Ltd. ("JCM") and Plaintiff MEI, Inc. ("MEI") to seal information contained in the following documents: (1) JCM's Brief in Support of the Motion for Summary Judgment as to MEI's claims of infringement of the '589 Patent (the "Summary Judgment Brief"); (2) MEI's Opposition to Defendants' Motion to Reopen Case and Motion for Summary Judgment (the "Opposition Brief"); (3) JCM's Reply Brief in Support of the Motion for Summary Judgment as to MEI's claims of infringement of the '589 Patent (the "Reply Brief"); (4) Exhibit 1 to the Certification of William J. Hughes, Jr. (Settlement Agreement and Release document) (the "Settlement Agreement"); (5) and Exhibits E and F to the Declaration of James M. Wodarski in Support of MEI's Opposition to JCM's Motion to Reopen Case and Motion for Summary Judgment. For the reasons set forth below, the Court will deny the parties' respective

1

motions.

I.   **BACKGROUND**

This Court has discussed the relevant factual details of this case in Docket No. 94. Therefore, the Court will discuss the facts of this case only as they pertain to the motions currently pending before the Court.

Both MEI and JCM agreed to a Stipulated Protective Order (the "Protective Order") on June 23, 2006.  The purpose of the Protective Order is to prevent the dissemination to third parties of information that contains:

> (a) confidential or proprietary technical or scientific information; (b) confidential know how; (c) confidential, proprietary, or sensitive business or financial information; (d) technical specifications; (e) trade secrets; (f) confidential pricing and sales information; (g) computer software or related documentation; (h) product research and development information; (I) customer and supplier information; (j) marketing strategies and information; (k) strategic business information including business plans, manufacturing information; (l) computer source code; (m) any information that is not generally known and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (n) confidential agreement or court order to maintain at the level of confidence afforded to Restricted Information . . . .

(No. 05-3165, Doc. No. 44).  Section 10 of the Protective Order obligates each party to file under seal any document designated as "Highly Confidential" in any affidavit, brief, memorandum of law, or other paper.  Pursuant to that order, each party designated certain documents exchanged in discovery as "Highly Confidential" and "Highly Confidential – For Outside Counsels' Eyes Only."  (Id.)

On March 29, 2010, JCM moved for summary judgment on MEI's pending claim for infringement of the '589 Patent.  Between March 29, 2010 and May 10, 2010, the parties submitted briefs and accompanying exhibits to support their respective positions.  On March 29, 2010, JCM submitted a Certification of Mr. William Hughes, Jr. with attached exhibits and the Summary Judgment Brief (Doc. 95).  One of the exhibits attached to the Certification is the Settlement Agreement.  JCM did not electronically file either the Brief or the Settlement Agreement because MEI designated both documents as "Highly Confidential" under the terms of the Protective Order.  On May 3, 2010, MEI filed the Opposition Brief and a supporting Declaration of Mr. James M. Wodarski (Doc. 100).  The Opposition Brief contains lengthy excerpts from the Settlement Agreement as well as a quotation from the deposition of Mr. A. Isoi dated October 10, 2006.  The Settlement Agreement and the Declaration are labeled as Exhibits E and Y, respectively.  JCM designated the deposition excerpt as "Highly Confidential" under the terms of the Protective Order.  On May 3, 2010, MEI moved to seal both the Settlement Agreement and Exhibits E and F.  Finally, on May 10, 2010, JCM submitted a Reply Brief (Doc. 104) in response to the Opposition Brief.  The Reply Brief contains information that MEI designated as "Highly Confidential" under the terms of the Protective Order.  Subsequently, JCM submitted a motion to seal the Reply Brief (Doc. 105).

## II.     DISCUSSION

Local Civil Rule 5.3 governs requests to seal documents filed with the Court.  Under Rule 5.3(c)(2), a party seeking to seal documents must show:  (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the

relief sought is not available.  In turn, any order or opinion on a motion to seal must make findings as to these factors.  L. Civ. R. 5.3(c)(5).  Additionally, where a party moves to seal pretrial motions of a "nondiscovery nature, the moving party must make a showing sufficient to overcome a "presumptive right of public access." Leucadia v. Applied Extrusion Tech., Inc., 998 F.2d 157, 164 (3d Cir. 1993).  To overcome this presumption, a party must demonstrate that "good cause" exists for the protection of the material at issue.

Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted); see Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).  A party does not establish good cause by merely providing "'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" Pansy, 23 F.3d at 786 (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).  To prevail, the parties must make this good cause showing with respect to each document sought to be sealed.  Id. at 786-87.

    A.    **MEI's Motion to Seal**

MEI argues that the Settlement Agreement contains information that is "sensitive and confidential . . . in that but for this litigation, MEI would not disclose them to the public." (Pl.'s Mem. of Law in Supp. of Mot. to Seal, at 2.)  MEI supports this argument with the conclusory assertion that it "could be damaged monetarily and/or competitively if these documents and/or the information contained within the documents is publicly disseminated." (Id.)  Aside from this proclamation, MEI provides no facts detailing the specific harm it would suffer as a result of disclosure.  Furthermore, MEI provides no public or private reasons for why the documents

should be kept from the public.

The Court finds that MEI has not met its burden of establishing that the Settlement Agreement should be sealed because MEI failed to make a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking disclosure." Pansy, 23 F.3d at 786. Here, MEI filed the Certification of Williams Hughes, Jr., which contains the Release Agreement in connection with JCM's motion for summary judgment. JCM's motion for summary judgment is a nondiscovery motion. Thus, there is a presumptive right to public access of its contents. In order to rebut this presumption, MEI must demonstrate that there is "good cause" for sealing the Settlement Agreement. As previously mentioned, "good cause" exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Id. MEI failed to make a particularized showing, or any showing for that matter, that injury will occur if the contents of the Settlement Agreement are publicly accessible. Rather, MEI's sole rationale for sealing the document is that it determined that the document is "Highly Confidential" under the terms of the Protective order. This rationale alone, however, is insufficient to rebut the presumption of public disclosure. MEI must make a "particularized" showing that disclosure of the Settlement Agreement will cause a specific injury. Here, MEI made no such showing. Pansy, 23 F.3d at 786. Therefore, because MEI has failed to show good cause for why disclosure of the Settlement Agreement will cause injury to the parties, MEI's motion to seal the Agreement is denied.[1]

---

[1] JCM's request to seal the Settlement Agreement fails for the same reasons that MEI's motion fails. In the Notice of Motion to Seal Confidential Exhibits to Defendants' Brief in Support of Defendants' Motion for Summary Judgment on MEI's Claims for Infringement of the '589 Patent, JCM fails provide a particularized showing that injury will result from disclosure of the Agreement. JCM's sole rationale for nondisclosure is that "MEI . . . represented . . . that they have a legitimate interest in protecting the confidentiality of the information contained in the [Release and Settlement Agreement]." (Def.'s Br. in Supp. of Mot. to Seal, at 3 ¶ 11). This explanation falls

Likewise, MEI provided no particularized showing that injury will result if the contents of Exhibits E and F to the Declaration of James. M. Wodarski in Support of MEI Inc.'s Opposition to JCM's Motion to Reopen Case and Motion for Summary Judgment are disclosed.  Again, MEI only states that "JCM represents that it has a strong interest in keeping the information confidential and that JCM could be monetarily or otherwise damaged if the information were disclosed to the public."  However, MEI provides no showing of <u>why</u> or <u>how</u> JCM or MEI will be damaged by disclosure.  Therefore, for the same reasons that this Court will not seal the Settlement Agreement, it will not seal exhibits E and F of Mr. Wodarski's Declaration.

B.  **JCM's Motions to Seal**

JCM moves to seal allegedly confidential information contained in the Summary Judgment Brief and the Reply Brief.  JCM argues that because MEI designated both the Summary Judgment Brief and the Reply Brief as "Highly Confidential/For Attorney's Eyes Only," and represented that "they have a legitimate interest in protecting the confidentiality of the information contained in the designated document(s)," this Court should seal the documents.

The Court finds that MEI fails to meet its burden of showing that the Court should seal the Summary Judgment Brief and Reply Brief because MEI failed to make a particularized showing that disclosure of either document will cause a "clearly defined and serious injury to the party seeking disclosure." <u>Pansy</u>, 23 F.3d at 786.  Here, Defendant submitted both the Summary Judgment Brief and the Reply Brief in connection with a motion for summary judgment – a

---

short of the requirement that a party moving to seal a document must show "good cause" for why the document should be sealed.  Here, JCM failed to show "good cause" for why the Settlement Agreement should be sealed.  Therefore, JCM's motion to seal the Settlement Agreement is also denied.

nondiscovery motion. Thus, there is a presumptive right to public access.

However, similar to MEI's motion to seal, JCM's motion lacks a particularized showing of why disclosure of either the Reply Brief or the Summary Judgment Brief will cause MEI or JCM any serious injury. Therefore, for the same reasons that MEI's motion to seal is denied, JCM's motion is also denied.

### III.   CONCLUSION

For the foregoing reasons, the parties' respective motions to seal are denied. An appropriate Order shall follow.


Date:  11/16/2010                                                        /s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                               United States District Judge